## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOSEPH WASHINGTON,

     Plaintiff,

v.                                                              Case No. 8:25-cv-1080-TPB-AEP

PRIMERICA LIFE
INSURANCE CO., et al.,

     Defendants.

_____/

## ORDER DISMISSING COMPLAINT; DIRECTING AMENDED COMPLAINT; AND DIRECTING PAYMENT OF FILING FEE OR FILING OF MOTION TO PROCEED WITHOUT COSTS

This matter is before the Court *sua sponte* on Plaintiff Joseph Washington's complaint, filed *pro se* on April 25, 2025. (Doc. 1). Plaintiff filed this suit against Primerica Life Insurance Company and the Honorable Steven D. Merryday, United States District Judge. Because Plaintiff is proceeding *pro se*, the Court more liberally construes the pleadings. *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).

In his complaint, Plaintiff purports to assert two claims. The first, against Defendant Primerica Life Insurance Company, appears to set forth a breach of contract claim based on an alleged failure to pay the proceeds of a term life insurance policy by the insured/decedent Patricia Ann Washington. In his second claim, Plaintiff appears to set forth a §1983 claim against Judge Merryday – he asserts that Judge Merryday violated the civil rights of non-party Angela Washington DeBose and wrongfully deprived her of access to the courts without procedural due process by declaring her a vexatious litigant.

Plaintiff's complaint suffers from a number of defects. The only one the Court will address now is Plaintiff's disagreement with the vexatious litigant order that Judge Merryday entered against Angela Washington DeBose while acting in his judicial capacity. While not clear at this time, there appears to be a familial relationship between Plaintiff and Angela Washington DeBose.

DeBose has a lengthy history of litigation in this Court. After losing a Title VII action, DeBose persisted in a seven-year campaign which included, among other things, suing the University of South Florida ("USF"), the members of the Board of Trustees, USF's lawyers, and others. *See DeBose v. United States*, No. 8:21-cv-2127-SDM-AAS, 2022 WL 9886843, at *1 (M.D. Fla. Sept. 12, 2022). As Judge Merryday explained, "DeBose lost each action on the merits, sued again, and lost each action as barred by res judicata and collateral estoppel, among other things." *See id.* at *6. Instead of accepting the finality of those judgments, "Debose has chosen resistance and disruption in the form of further actions that feature increasingly bizarre, uncorroborated, and fantastical allegations of conspiracy (such as the allegation that the federal judges of this district belong to 'secret societies' including the 'Elizabethan Order.')" *See id.* Upon finding that DeBose had demonstrate a history of filing duplicative and vexatious actions and subjected many, including the Court itself, to "needless" expense, Judge Merryday entered an order enjoining DeBose from filing certain types of actions and claims. *See id.* Judge Merryday's vexatious litigant injunction was affirmed by the Eleventh Circuit. *See Debose v. United States*, No. 22-13380, 2024 WL 489699, at *1-3 (11th Cir. Feb. 8, 2024).

As the Eleventh Circuit explained:

> "Judges are entitled to absolute judicial immunity from
> damages for those acts taken while they are acting in
> their judicial capacity unless they acted in the 'clear absence of
> all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.
> 2000) (citations omitted). Judges are also
> generally immune from injunctive and declaratory relief unless
> (1) a declaratory decree was violated or (2) declaratory relief is
> unavailable. *Id.* at 1242. "A judge
> enjoys immunity for judicial acts regardless of whether he
> made a mistake, acted maliciously, or exceeded his
> authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th
> Cir. 2018).

*McCree v. Griffin*, No. 19-14646-A, 2020 WL 2632329, at *1 (11th Cir. May 20, 2020).

Importantly, "judicial immunity is an immunity from suit, not just from ultimate

assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v.*

*Forsyth*, 472 U.S. 511, 526 (1985)).

Considering the allegations in the complaint, the Court finds that Judge Merryday

is entitled to absolute judicial immunity.  *See, e.g., McCree*, 2020 WL 2632329, at 1-2

(holding that judge was entitled to absolute judicial immunity from injunctive relief and

money damages where plaintiff alleged that judge violated his constitutional rights by

arbitrarily denying motion); *Bolin*, 225 F.3d at 1239-40 (holding that federal judges are

entitled to absolute judicial immunity from injunctive relief and money damages for acts

taken in their judicial capacity unless jurisdiction is clearly absent); *Stump v. Sparkman*,

435 U.S. 349, 356-57 (1978) (explaining that judge will not be deprived of immunity even

if action was in error, done maliciously, or in excess of his authority, and he is only

subject to liability in the clear absence of all jurisdiction).  Because Plaintiff's allegations

emanate from actions taken by Judge Merryday in his official judicial capacity during

proceedings over which he had jurisdiction, Judge Merryday is absolutely immune from civil liability.[1]

For these reasons, Plaintiff's claim against Judge Merryday is dismissed with prejudice. **Plaintiff is warned that if he files frivolous cases or claims in this Court, he may be subject to sanctions pursuant to Federal Rule of Civil Procedure 11(c), including monetary sanctions or injunctive relief directing the Clerk to not accept future filings by Plaintiff without first obtaining prior leave of the Court.**

As to Plaintiff's claim against Primerica Life Insurance Company, the Court will permit Plaintiff to file an amended complaint asserting this claim on or before May 14, 2025. **The amended complaint should not name Judge Merryday as a defendant, and it should only assert claim(s) against Primerica Life Insurance Company**. Along with the amended complaint, on or before May 14, 2025, Plaintiff is directed to either (1) pay the filing fee or (2) file a motion to proceed without costs. Failure to do these things may result in the dismissal of this case without prejudice without further notice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff's § 1983 claim against Judge Merryday is **DISMISSED WITH**

**PREJUDICE**.

---

[1] The Court further notes that Plaintiff, who is proceeding *pro se*, also does not have standing to challenge the vexatious litigant order entered against another individual – even if a familial relationship exists. And he certainly would not have the ability to challenge that order in a separate and distinct case like this – DeBose had the opportunity to appeal Judge Merryday's decision, and that appeal was affirmed by the Eleventh Circuit. *See Debose v. United States*, No. 22-13380, 2024 WL 489699, at *1-3 (11th Cir. Feb. 8, 2024).

(2) Plaintiff is directed to file an amended complaint with his claim(s) against Primerica Life Insurance Company only on or before May 14, 2025. **To be clear, this amended complaint should not name Judge Merryday as a defendant, and it should only assert claim(s) against Primerica Life Insurance Company.**

(3) Plaintiff is directed to either (1) pay the filing fee or (2) file a motion to proceed without costs on or before May 14, 2025.

(4) Failure to file the amended complaint, pay the filing fee, or file a motion to proceed without costs as directed may result in the dismissal of this case without prejudice without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of May, 2025.

_____

TOM BARBER
UNITED STATES DISTRICT JUDGE